UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ST. LOUIS-KANSAS CITY CARPENTERS REGIONAL COUNCIL, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 4:16-CV-1650 (CEJ) |
| HENRY GASSER CONSTRUCTION COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion for default judgment against defendant Henry Gasser Construction Company, pursuant to Fed.R.Civ.P. 55(b)(2).

Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1974 (LMRA), as amended, 29 U.S.C. § 185, and pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1132. Plaintiffs are the St. Louis-Kansas City Carpenters Regional Council (the Union) and the trustees of three employee benefit plans (the Welfare, Pension, and Vacation Trusts, collectively, the Funds). Defendant is an employer in an industry affecting commerce within the meaning of the LMRA and ERISA. Defendant is party to a collective bargaining agreement with the Union, and is bound by various trust agreements relating to the Funds. Plaintiffs allege that defendant failed to make timely contributions to the Funds as required by the terms of the collective

bargaining agreement. Plaintiffs seek a total of $23,505.92 for unpaid contributions, liquidated damages, and interest, plus $1,381.00 for attorneys' fees and costs.

The summons and a copy of the complaint were served on defendant on November 2, 2016. Defendant did not file an answer or other responsive pleading and, on February 2, 2017, the Clerk of Court entered default against defendant.

**Discussion**

ERISA provides that employers shall make contributions when required by the terms of a collective bargaining agreement. 29 U.S.C. § 1145. Employers who fail to make the required contributions may be liable for the unpaid contributions, liquidated damages, interest, attorney's fees, and costs. 29 U.S.C. § 1132(g)(2).

On September 1, 2013, defendant entered into an agreement to be bound by the terms of a collective bargaining agreement and addendum between the Southwest Illinois Housing Advancement Fund and the union, effective through May 5, 2018. [Docs. # 7-3 (Agreement); # 7-4 (Addendum), # 7-5 (signature page)]. The collective bargaining agreement and addendum require defendant to make contributions to the funds for each hour worked by employees covered by the agreement. Agreement, Article 8; Addendum at 3-4. Failure to make timely contributions subjects defendant to liquidated damages not greater than 20% of the unpaid contribution, interest not greater than 10% per annum, audit costs, court costs, and attorney's fees.

Plaintiffs submit the affidavit of Juli Laramie, the accountant and controller for the funds, who states that defendant was required by the terms of the collective bargaining agreement to submit reports showing hours worked by each covered employee. [Doc. #7-2]. Based on the reports submitted, defendant owes

2

contributions in the amount of $18,839.08 for the period of May 2015 through February 2016. As a result of the delinquencies, defendant also owes $899.02 in interest calculated at 4%, and $3,767.82 in liquidated damages. See Calculations [Doc. #7-6].

Plaintiffs also submit the affidavit of attorney Greg A. Campbell. [Doc. #7-1]. According to Mr. Campbell, in 2016, his firm's standard hourly billing rates for his services was $190.00 and for the services of paralegals and legal assistants was $100.00; in 2017, the hourly rate for paralegals and legal assistants increased to $105.00. He states that he expended 1.1 hours on this matter at the billing rate of $190.00 per hour ($209.00) and paralegals and legal assistants expended .8 hours in 2016 at the rate of $100.00 per hour ($80.00) and .6 hours in 2017 at the rate of $105.00 per hour ($63.00). Thus, the legal fees total $352.00.[1] The Court finds that the hourly rates and hours expended are reasonable. In addition, the firm paid $400.00 for the filing fee and $55.00 for service of process, for a total of $455.00, to which plaintiffs are also entitled.

Based on the documentation and affidavits submitted by plaintiffs, the Court finds that defendant Henry Gasser Construction Company was bound at all relevant times by a valid collective bargaining agreement and that it breached its obligations by failing to timely pay the required contributions. Plaintiffs have established that defendant is liable to them for $18,839.08 in unpaid fringe benefit contributions, $899.02 in interest, and $3,767.82 in liquidated damages, for a total of $23,505.92. Plaintiffs have also established defendant is liable to them for $807.00 in legal fees and costs.

---

[1] The affidavit incorrectly reflects a total of $926.00 for legal fees.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment [Doc. #7] is **granted**.

A judgment in accordance with this Memorandum and Order will be entered separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 10th day of February, 2017.